BENJAMIN B. WAGNER
United States Attorney
S. ROBERT TICE-RASKIN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2738

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. CR. S-13-125 TLN |
|---|---|---|
| | ) | |
| Plaintiff, | ) | STIPULATION REGARDING |
| | ) | EXCLUDABLE TIME PERIODS UNDER |
| v. | ) | SPEEDY TRIAL ACT; |
| | ) | FINDINGS AND ORDER |
| MARCUS BUCKLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

   1.   Defendant Jones first appeared before Magistrate Judge Newman, a judicial officer in the court in which this charge is pending, on May 3, 2013.  On that date, this matter was set for status on June 6, 2013 before Judge Nunley.  In addition, at the request of defendant, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from May 3, 2013, through June 6, 2013, was deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and B (iv) [Local Code T4].

2.  Defendant Buckley first appeared before Magistrate Judge Delaney, a judicial officer in the court in which this charge is pending, on May 8, 2013.  On that date, this matter was set for status on June 6, 2013 before Judge Nunley.  In addition, at the request of defendant, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from May 8, 2013, through June 6, 2013, was deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and B (iv) [Local Code T4].

3.  By this stipulation, defendants now move to continue the status conference until August 22, 2013 and to exclude time between June 6, 2013 and August 22, 2013, under Local Code T4.  Plaintiff does not oppose this request.

4.  The parties agree and stipulate, and request that the court find the following:

   a.  The government has represented that there is substantial discovery associated with the case which includes investigative reports and related documents in electronic form (approximately 7256 pages).  All of this discovery was produced directly to counsel.

   b.  Counsel for defendants desire additional time to consult with his/her client, to review the current charges, to conduct investigation related to the charges, to review discovery for this matter, and to otherwise prepare for potential resolution of this matter or trial.

   c.  Counsel for each defendant believes that failure to

    grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d. The government does not object to the continuance.

  e. Counsel for defendants have specifically discussed all of the contents of this stipulation with his respective client and represents that his client concurs with the contents of this stipulation.

  f. Defendant Buckley and Jones have specifically discussed all of the contents of this stipulation with his/her counsel and represents that he/she concurs with the contents of this stipulation.

  g. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original dates prescribed by the Speedy Trial Act.

  h. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, <u>et seq.</u>, within which trial must commence, the time period of June 5, 2013 to August 22, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B (iv) [Local Code T4] because it results from a continuance granted by the judge at defendants' request on the basis of the judge's finding that the ends of justice served by taking such action outweigh the best interest of the

public and the defendants in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED:    31 May 2013.

                /s/ Tice-Raskin
                S. ROBERT TICE-RASKIN
                Assistant United States Attorney

DATED:    31 May 2013.

                /s/ Michael P. Heiskell
                MICHAEL P. HEISKELL
                Counsel for Defendant Buckley

DATED:    31 May 2013.

                /s/ Clyde Blackmon
                CLYDE BLACKMON
                Counsel for Defendant Jones

## O R D E R

IT IS SO FOUND AND ORDERED this 3rd day of June, 2013.

                _____
                Troy L. Nunley
                United States District Judge