McGREGOR W. SCOTT
United States Attorney
MICHAEL M. BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-0125-TLN |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM; REQUEST TO FILE LATE |
| v. | |
| MARCUS BUCKLEY, | Sentencing Date: January 25, 2018 |
| Defendant. | |

The government asks the Court to sentence the defendant to 33 months of imprisonment. This recommendation is based on information in the Pre-Sentence Report ("PSR") and the parties' plea agreement. The defendant is also recommending a sentence of 33 months of incarceration. *See* ECF Dkt. 132 at 2-3.

I. Pre-Sentence Report ("PSR")

The government has no objection to the guidelines as presented in the PSR.

II. Underlying Facts

As the Court is aware, the defendant participated in a significant insurance fraud scheme. He also engaged in money laundering. *See* PSR ¶¶ 4-8. Due to his illegal conduct, Gallagher Bassett, the victim in this case, lost $1,588,466.32.

Marcus Buckley ("Buckley") played professional football in the National Football League between 1993 and 2000 for seven seasons with the New York Giants ("Giants").

During this time period, the Giants had workers' compensation insurance coverage through Pennsylvania Manufacturer's Association Insurance Group ("PMA").

From September 2001 through August 2011, Buckley's co-defendant, Kimberly Jones, was employed as a Senior Claims Representative, or claims adjuster, at Gallagher Bassett Services, Inc. ("Gallagher Bassett") in its Sacramento office. Gallagher Bassett was a third-party administrator which managed, among other things, workers' compensation claims in California on behalf of PMA.

In 2006, Buckley filed a worker's compensation claim against the Giants for cumulative stress injuries sustained while playing football, in part, in California. During the first week of November 2010, Buckley, the Giants, and PMA settled the Buckley claim for $300,000 pursuant to a "Compromise and Release" Agreement.

After Buckley's claim had been settled, between late 2010 and June 2011, Buckley prepared and filed numerous additional requests for reimbursement under his claim. As part of these requests, Buckley prepared false and fictitious invoices and statements from medical providers for medical services purportedly provided to him. Other times, Buckley prepared false and fictitious credit collection notices from collection agencies purportedly seeking payment from Buckley from various medical providers for past due medical bills. Buckley transmitted the false and fictitious invoices, statements and credit collection letters to his co-defendant, Kimberly Jones. Jones was aware that Buckley was not entitled to additional reimbursement under his disability claim and that the submitted documentation and requests were false and fictitious. This notwithstanding, Jones caused the issuance of Gallagher Bassett checks payable to Buckley, and Buckley ultimately received over $1,588,000 in funds to which he was not entitled.

In addition, Buckley knowingly engaged in at least eight monetary transactions (ranging in value from $20,000 to $40,000) with the illegal proceeds from his scheme against Gallagher Bassett. ECF Dkt. No. 1 at 7.

///

///

### III. Supervised Release

The government has no objection to the two-year term of supervised release recommended on page 15 of the PSR.

### IV. Restitution

The parties stipulated that "defendant agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis [Gallagher Bassett] . . . as a result of the defendant's conduct." Dkt. No. 86 (Plea Agreement) at 2-3. The defendant further agreed "that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding." *Id.* at 3. The parties agree that the monetary loss suffered by Gallagher Bassett as a result of the defendant's conduct amounts to $1,588,466.32. *See also* PSR ¶ 78. The government asks the Court to order the defendant to pay Gallagher Bassett $1,588,466.32 in restitution.

### V. BOP Facilities

As the Court is aware, the United States Bureau of Prisons ("BOP") maintains high-quality facilities throughout the United States. These facilities include administrative institutions that specialize in managing the physical and mental health of BOP inmates in need of such treatment. The defendant has not requested incarceration at one of the BOP's administrative institutions. Instead, he has asked for incarceration at either FCI Texarkana or FCI Seagoville, both of which appear to be near family in Texas.[1]

The government asks that, in light of the BOP's facilities and capabilities, the defendant be sentenced to 33 months of incarceration. The defense has joined in a recommendation of 33 months of incarceration, only mentioning "the factors set forth in 18 U.S.C. § 3553 in support of a sentence at the low end of the applicable guideline" range. ECF Dkt. No. 132 at 3 (Def.'s Sent. Mem.).

---

[1] In her January 2, 2018 letter, Dr. Mallet opines that the defendant "would become immobilized" if he were incarcerated. She provided no basis for this opinion. It is significant that Buckley himself will not stand behind her opinion, noting that she may not be familiar with "the level of care that will be provided to Mr. Buckley in federal prison." ECF Dkt. No. 132 at 9, fn. 6.

## VI. Victim Representative Will be Present at Sentencing

Michael A. Goggio, Corporate Vice President & Chief Audit Executive for Gallagher Bassett, will be present at sentencing. Mr. Goggio would like to speak briefly on behalf of the victim in this case.

## VII. Request to File Late

The government seeks permission to file late. The undersigned was engaged in an intense, two-week trial that ended Friday. The case was *United States v. Hitt*, 2:15-cr-117 GEB; opposing counsel was Kyle Knapp. The government incorrectly anticipated an earlier end to the trial, which would have allowed for a timely filing of this memorandum.

## VIII. Conclusion

In accordance with the parties' plea agreement, the government asks the Court to sentence the defendant to 33 months of imprisonment, a two-year term of supervised release, a $100 special assessment, and order him to pay $1,588,466.32 in restitution.

Dated: January 22, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ *MICHAEL M. BECKWITH*
MICHAEL M. BECKWITH
Assistant United States Attorney