UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:13-cr-00125-TLN |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR TWELVE MONTHS HALFWAY HOUSE PLACEMENT** |
| MARCUS BUCKLEY, | |
| Defendant. | |

This matter is before the Court pursuant to Defendant Marcus Buckley's ("Defendant") Motion for Judicial Recommendation for Twelve Months of Halfway House Placement. (ECF No. 152.) Defendant's motion seeks a judicial recommendation to the Federal Bureau of Prisons ("BOP") for placement in a halfway house for 12 months preceding his release from confinement. (ECF No. 152 at 1.) The Government has not filed a response. For the reasons set forth below, Defendant's Motion for Judicial Recommendation, (ECF No. 152), is hereby GRANTED.

**I.　Procedural History**

On June 30, 2016, Defendant pled guilty to one count of Money Laundering, in violation of 18 U.S.C. § 1957. (ECF Nos. 83, 86.) On January 25, 2018, the undersigned sentenced Defendant to a term of 24 months in prison followed by two years of supervised release. (ECF No. 136.) His release date is January 17, 2020. (ECF No. 152 at 2.) Defendant moves for judicial recommendation for a 12-month placement in a halfway house. (ECF No. 152 at 1–2.)

1

## II. LEGAL STANDARD

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC. 18 U.S.C. § 3621(b). A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

## III. ANALYSIS

Defendant states that release into a halfway house for a longer period will enable him to use the "help available" and "medical resources" to "re-join law abiding society." (ECF No. 152 at 2.) Defendant states his physical and mental ailments, including Parkinson's, dementia, traumatic brain injury, and kidney problems, chronic pain, have worsened and his "deteriorating" and "spiraling" medical conditions have a negative impact on his health and judgment. (ECF No. 152 at 3.) Defendant argues the "community-based physicians" available if he is in a halfway house facility will allow him to "better address his underlying physical and psychological impairment" and aid his re-entry. (ECF No. 152 at 3.)

Defendant had no prior criminal history. His conditions, outlined in the presentence report and apparent in his appearance at Court, make it unlikely he will engage in future financial scams. The Defendant has outlined resources available if he were confined in a halfway house facility, how he would benefit from those resources, and how they may aid his re-entry. The Court also notes Defendant's compliance with the terms of his years long pre-sentence release.

*United States v. Qadri*, No. CR-06-00469-LEK, 2017 WL 1011663, at *1–2 (D. Haw. Mar. 15, 2017) (granting judicial recommendation and citing prisoner's good conduct and compliance with release conditions during six years of pretrial release and two years of appeal release, lack of prior criminal history, and completion of multiple prison rehabilitation classes).

Accordingly, the Court hereby GRANTS Defendant's Motion for Judicial Recommendation, (ECF No. 152), and recommends that BOP place Defendant in an appropriate pre-release placement for the maximum time for which he is eligible, not to exceed 12 months.

IT IS SO ORDERED.

Dated: November 19, 2018

Troy L. Nunley
United States District Judge