UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS BUCKLEY,<br><br>Defendant. | No. 2:13-cr-00125-TLN<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL** |

This matter is before the Court on Defendant Marcus Buckley's (hereafter, "Defendant") motion to compel the Federal Bureau of Prisons (hereafter, "Bureau" or "BOP") to transfer Defendant to a halfway house or home confinement for the remainder of his term of incarceration. (ECF No. 154.) The government did not file an opposition. Nonetheless, for the reasons set forth in this Order, Defendant's motion is DENIED.

///

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, Defendant received a sentence of twenty-four months incarceration after pleading guilty to one count of money laundering. (ECF No. 137 at 1–2.) Defendant appears to currently be incarcerated at the federal institution known as Butner Medium I Federal Correctional Institution, with a projected release date in January 2020. (*See* ECF No. 154 at 3.)

On November 20, 2018, the Court issued an order "recommend[ing] that BOP place Defendant in an appropriate pre-release placement for the maximum time for which he is eligible, not to exceed 12 months." (ECF No. 153 at 3.) Defendant's instant motion asserts that despite the Court's recommendation from November, "[t]he Bureau of Prisons has not honored that recommendation and [Defendant] remains incarcerated at Butner Camp." (ECF No. 154 at 1.) Defendant requests that the Court "issue a show cause order to the Bureau to explain why they have not complied with current law and ignored the recommendation of the court." (ECF No. 154 at 3.) Defendant further requests that the Court order the Bureau to transfer Defendant immediately to a halfway house or home confinement. (ECF No. 154 at 3.)

Defendant bases his argument for immediate relief on the recent enactment of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. According to Defendant, the First Step Act added language to 18 U.S.C. § 3624(c)(2) making it mandatory for the Bureau to place low-risk prisoners on home confinement for twelve months. (ECF No. 154 at 2.) Defendant argues that since he currently has fewer than twelve months remaining on his sentence, the provisions of the First Step Act require that he be allowed to serve the remainder of his incarceration term on home confinement. (ECF No. 154 at 2–3.)

## II. STANDARD OF LAW

The Bureau's authority to determine where prisoners are housed during the final months of their incarceration is governed by 18 U.S.C. § 3624. *See Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010) (holding that "§ 3624 governs the designation of prisoners to RRCs for the final months of their sentences"). Pursuant to that statute, the Bureau is charged with ensuring that "a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity

to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Such conditions may include community correctional facilities, such as residential re-entry centers (frequently referred to as "RRCs") or halfway houses. *Id.*; *see also* 28 C.F.R. § 570.20 (2019) (defining community confinement as "residence in a community treatment center, halfway house, . . . or other community correctional facility (including residential re-entry centers)"). While residential re-entry centers may be used to satisfy up to the final twelve months of a prisoner's incarceration term, there is no guarantee that a prisoner will be approved for such a placement for more than six months or the final ten percent of a particular prison term. 18 U.S.C. § 3624(c)(1); *Sacora*, 628 F.3d at 1070 (holding that § 3624 "does not require the BOP to make any placements in a RRC for longer than six months; the statute affords the BOP the option to make placements up to 12 months"); *see also Quan v. U.S. Bureau of Prisons*, 402 F. App'x 181, 183 (9th Cir. 2010) (holding that a separate statute, 18 U.S.C. § 3621(b), "provides the BOP with *discretionary* authority to consider RCC placement for inmates prior to the last ten percent of the prison term").

Following passage of the First Step Act of 2018, Pub. L. No. 115-391, § 602, 132 Stat. 5194, 5238, the Bureau "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph," which is "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2). Hence, a prisoner who (i) was sentenced to fewer than sixty months in prison, (ii) presents limited risk and lower needs, and (iii) has under a year remaining in their incarceration term, is entitled to serve no more than ten percent of that term on home confinement, but said prisoner may — subject to the Bureau's discretion — serve up to twelve months in a community correctional facility. *See Sacora*, 628 F.3d at 1066 (noting the discretion afforded the Bureau in determining the appropriate amount of time for each individual prisoner to serve in a community correctional facility).

Accordingly, the outer limit of a district court's power to compel the Bureau to carry out a term of incarceration in a specific type of pre-release community confinement — at least prior to the final ten percent of a sentence consisting of fewer than sixty months in prison — is to "order[]

3

the BOP to promptly *consider* [a defendant] for transfer to an RRC." *Rodriguez v. Smith*, 541 F.3d 1180, 1189 (9th Cir. 2008) (emphasis added). Such consideration must be based on the required statutory factors set forth in 18 U.S.C. § 3621(b). *See id.* at 1181 (affirming district court's order directing the Bureau to immediately consider transferring a defendant to a residential re-entry center "pursuant to the factors set forth in 18 U.S.C. § 3621(b)"); *Sacora*, 628 F.3d at 1067 (holding that "the ultimate point of reference for RRC placement decisions under § 3624(c) is the set of factors set forth in § 3621(b)").

**III. ANALYSIS**

Defendant's motion requests that he serve the remainder of his sentence either in a residential re-entry center or on home confinement. (ECF No. 154 at 3.)

A. <u>Residential Re-Entry Centers</u>

If it had the authority to do so, the Court would be inclined to grant Defendant's request to issue an order requiring that he be immediately transferred to a halfway house, for the same reasons articulated in the Court's previous order recommending pre-release community confinement for the remainder of Defendant's incarceration term. (*See* ECF No. 153.) However, Defendant's request to order the Bureau to provide such relief is not one that the Court has the power to grant in full. Simply put, the statute allowing the Bureau to transfer Defendant to a residential re-entry center sometime between the start of the final twelve months and the final ten percent of his sentence is permissive, not mandatory.

The statute at issue in this case only requires that a prisoner potentially eligible for pre-release community confinement "spend[] a portion of the final months of that term (not to exceed 12 months)" in a setting such as a residential re-entry center. 18 U.S.C. § 3624(c)(1). Between the upper bound of twelve months and the lower bound of ten percent of a sentence, § 3624 does not state how long this portion of a sentence served in pre-release community confinement must be. *See id.* § 3624(c)(6)(C) (mandating issuance of Bureau regulations to ensure that placement in a community correctional facility is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community"). Because of this, the Ninth Circuit has upheld the Bureau's policy as consistent with this statutory scheme where the policy states that (i) each

prisoner is entitled to an individualized determination of their eligibility for pre-release community confinement in a residential re-entry center for as long as twelve months, but (ii) the Bureau nonetheless retains the discretion to place prisoners in residential re-entry centers for six months or less. *Sacora*, 628 F.3d at 1066 ("In delegating the authority to the BOP to adopt regulations implementing the [mandate of 18 U.S.C. § 3624], the space between 'sufficient duration' and '12 months' was expressly left to the BOP to fill."); *see also id.* at 1067 (describing this policy as reflecting the Bureau's judgment that "inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less").

Nothing in the First Step Act created new judicial authority in 18 U.S.C. § 3624(c)(1), which is the section dealing with residential re-entry centers. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. And Defendant does not present any authority for the proposition that the Court may order the Bureau to do something that the face of the statute otherwise leaves to the Bureau's sound discretion. *See Sacora*, 628 F.3d at 1070 (holding that the Bureau's pre-release community confinement policy is consistent with statutory mandates because "the BOP used its experience in placing prisoners in RRCs in crafting its policies"). Accordingly, based on the existing statutory and regulatory scheme that has already received the Ninth Circuit's blessing, this Court lacks the authority to order the Bureau to transfer Defendant to a residential re-entry center at this point in his incarceration. *See id.* ("The policies provide that in the normal case, six months is sufficient placement in a RRC, but the policies allow BOP staff to determine what constitutes the 'unusual or extraordinary' circumstances for which six months is not sufficient.").

Defendant's request for an immediate transfer to a residential re-entry center is therefore DENIED.

### B. Home Confinement

Defendant bases his argument for immediate release to home confinement upon a sentence that section 602 of the First Step Act added to 18 U.S.C. § 3624(c)(2). (*See* ECF No. 154 at 2 ("Being that the amendment uses the word shall brings the power of enforcement to the court upon petition of the petitioner for redress.").) The amended language cited by Defendant

makes it mandatory for the Bureau to "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2).

By the plain terms of the statute as amended by the First Step Act, the "maximum amount of time permitted under th[e] paragraph" authorizing home confinement is "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.* Since Defendant was sentenced to a prison term of twenty-four months (*see* ECF No. 137 at 2), the maximum amount of time that the Bureau must house Defendant on home confinement is ten percent of his twenty-four-month prison sentence, or 2.4 months. Accordingly, Defendant will not be eligible for home confinement until approximately mid-October, which renders his instant request not yet ripe for the Court to decide. *See Quan*, 402 F. App'x at 183 (denying request for order compelling placement in residential re-entry center on ripeness grounds because the defendant "concede[d] that he is not yet serving the last ten percent of the prison term" (citing *18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 882–83 (9th Cir. 1989))).

Based on the foregoing, Defendant's request for immediate placement on home confinement is DENIED. That being said, the Court expects that at the appropriate time, the Bureau will comply with the law requiring that Defendant serve at least the final 2.4 months of his prison term on home confinement. *See* 18 U.S.C. § 3624(c)(2).

**IV. CONCLUSION**

Defendant's motion is DENIED to the extent it requests an order compelling the Bureau to immediately transfer him to pre-release community confinement either in a residential re-entry center or on home confinement.

Defendant's motion is GRANTED to the extent it requests an order compelling the Bureau to consider him for early placement in a residential re-entry center prior to the last ten percent of his term of incarceration. The Bureau is hereby ORDERED to undertake an analysis of whether it would be "appropriate and suitable," 18 U.S.C. § 3621(b), for the purpose of providing Defendant "a reasonable opportunity to adjust to and prepare for . . . reentry . . . into the community," for him to serve the remaining months of his incarceration term in a residential re-

entry facility, on home confinement, or via some combination of these two types of pre-release community confinement, *id.* § 3624(c)(1).

IT IS SO ORDERED.

Dated: July 11, 2019

	Troy L. Nunley
	United States District Judge